UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

GAYNETT POWELL,

    Plaintiff,

-vs-                                          Case No. 5:16-cv-303-Oc-WFJ-PRL

JEREMY HARRIS, et. al.,

    Defendants.
_____/

## ORDER

Plaintiff, a state inmate proceeding *pro se*, initiated this case by filing a civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. 1). Plaintiff's allegations relate to a disciplinary hearing that occurred while he was incarcerated at the Lake Correctional Institution. This case is before the Court for consideration of Plaintiff's Third Motion for Temporary Restraining Order (Doc. 177), to which Defendants have filed a Response. (Doc. 183). The motion is due to be denied.

Plaintiff is currently incarcerated at Santa Rose Correctional Institution and now claims that he has been: (1) subjected to excessive force; (2) denied access to his legal materials, the library and the courts; (3) denied accommodations with respect to the shower, "creations" and call-outs; (4) deprived of an adequate diet; (5) forced medication; and (5) put into danger. (Doc. 177). The record reflects that

Plaintiff has largely raised these same allegations in his previous requests for restraining orders and miscellaneous motions, which the Court denied. (See Docs. 15, 100, 154).

In the instant motion, Plaintiff exclusively names individuals who are not defendants. As stated in the Court's May 15, 2017 Order (Doc. 100), Plaintiff cannot name individuals who are not a party to this action. While these officers and/or medical staff may be located at Plaintiff's current prison, their conduct is not at issue before the Court.

Further, Plaintiff fails to describe the activity he seeks to enjoin. Instead, Plaintiff requests that the Court "issue the TRO covering the constitutional violations set forth therein and herein." This vague statement is insufficient. The Court notes that Plaintiff does include a request for a transfer to another prison. However, the Court is not persuaded that he is entitled to this relief. Prisoners do not have a constitutional right to remain in or be transferred to a correctional institution of their choosing. See Meachum v. Fano, 427 U.S. 215, 225 (1976).

To the extent that Plaintiff's request pertains to his access to the prison library or his legal materials, he is not threatened with an irreparable and imminent injury. The Court has addressed these complaints in separate orders with respect to Plaintiff's ongoing discovery requests. As the February 5, 2019 Order provides, the

record refutes his claims and he has failed to adequately explain how the limited access prohibits his ability to engage in discovery or otherwise litigate this matter. (Doc. 181).

Finally, Plaintiff's filings over the course of 3 years include allegations of endangerment and denial of materials against <u>all</u> of the prisons where he has been housed.[1] There is nothing to support Plaintiff's contention that such a vast number of people located at several facilities are in a "network" acting in cahoots to harm him.

In sum, Plaintiff has not established a substantial likelihood of success on the merits. Again, the renewed motion does not conform to Local Rules 4.05 and/or 4.06, and Rule 65 of the Federal Rules of Civil Procedure, which set forth the requirements for seeking a Preliminary Injunction and/or Temporary Restraining Order. The motion (Doc. 177) is **DENIED**.

IT IS SO ORDERED.

---

[1] Plaintiff was incarcerated at Suwannee Correctional when this case commenced. He was then transferred to Dade Correctional Institution, Jefferson Correctional Institution, Appalachee Correctional Institution. R.M.C. - West Unit, and Santa Rosa Correctional Institution where he is currently incarcerated.

DONE and ORDERED at Tampa, Florida this 13th day of February 2019.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

4